**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIA OMSTEAD-WAGNER,<br><br>    Plaintiff,<br><br>v.<br><br>MOODY NATIONAL FFI BUTLER PA, LLC, t/d/b/a Fairfield Inn & Suites by Marriott Butler,<br><br>    Defendant. | Civil Action No.: 2:20-cv-00763-NBF |

## **ANSWER AND AFFIRMATIVE DEFENSES**

AND NOW COMES Defendant Moody National FFI Butler PA, LLC, t/d/b/a Fairfield Inn & Suites by Marriott Butler ("FFI Butler"), and files the following Answer and Affirmative Defenses to Plaintiff Maria Omstead-Wagner's ("Plaintiff") Complaint (CM/ECF Doc. No. 1).

## **JURISDICTION AND VENUE**

1. The averments of Paragraph 1 of Plaintiff's Complaint purport to characterize the nature of this action, and no response thereto is required. To the extent a response is required, FFI Butler denies that Plaintiff is entitled to any relief under the Americans with Disabilities Act.

2. The averments of Paragraph 2 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the averments of Paragraph 2 refers to a document which speaks for itself. To the extent the averments of Paragraph 2 misstate or mischaracterize the document, the same are denied.

## **PARTIES**

3. Admitted.

4. Admitted.

5. Denied as stated. FFI Butler operates a limited service, small format hotel known as the Fairfield Inn & Suites by Marriott Butler at 200 Fairfield Lane, Butler, PA 16001.

6. Denied. FFI Butler does not know what Plaintiff means when she refers to "all times material hereto" and the "actions" allegedly taken by FFI Butler's agents and/or employees. FFI Butler thus lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 6 of Plaintiff's Complaint, and therefore, they are denied.

7. Denied as stated. On November 9, 2016, FFI Butler hired Plaintiff on a part-time basis in two positions: Night Auditor (Primary) and Front Desk Clerk (Secondary).

8. Denied as stated. By way of further response, FFI Butler is a limited service, small format hotel with a staff that regularly consisted of less than 12 employees. As such, employees, including Plaintiff, were asked to take on additional tasks, and Plaintiff was asked to assist with processing laundry when needed.

9. Admitted.

10. Denied as stated. By way of further response, FFI Butler has no record of ever being notified of Plaintiff having a "permanent" disability.

11. The averments of Paragraph 11 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

12. Denied as stated. By way of further response, after her injury on June 18, 2018, Plaintiff was no longer asked to assist with processing laundry.

13. Denied.

14. Denied.

15. The averments of Paragraph 15 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

16. The averments of Paragraph 16 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

17. Denied as stated. By way of further response, after her injury on June 18, 2018, Plaintiff was no longer asked to assist with processing laundry. By way of further response, after her injury on June 18, 2018, Plaintiff was no longer asked to assist with processing laundry, Plaintiff was offered overnight shifts working as a Night Auditor (her Primary job). Plaintiff declined, stating that she was not available to work those shifts.

18. Denied as stated. By way of further response, after her injury on June 18, 2018, Plaintiff was no longer asked to assist with processing laundry. By way of further response, after her injury on June 18, 2018, Plaintiff was no longer asked to assist with processing laundry, Plaintiff was offered overnight shifts working as a Night Auditor (her Primary job). Plaintiff declined, stating that she was not available to work those shifts.

19. The averments of Paragraph 19 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

20. The averments of Paragraph 20 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

21. The averments of Paragraph 21 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

22. The averments of Paragraph 22 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

23. Denied.

24. Admitted in part. Denied in part. It is admitted that, in certain circumstances, it is a violation of the Americans with Disabilities Act for a covered employer to terminate an employee

whom the employer regards as being substantially limited in one or more of the employee's major life activities.  It is denied that FFI Butler terminated Plaintiff because it regarded Plaintiff as being substantially limited in one or more of Plaintiff's major life activities.

### COUNT I – AMERICANS WITH DISABILITIES ACT

25. The averments of Paragraph 25 of Plaintiff's Complaint do not require a response.

26. The averments of Paragraph 26 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, the same are denied.

27. The averments of Paragraph 27 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, the same are denied.

28. The averments of Paragraph 28 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, the same are denied.

29. The averments of Paragraph 29 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, the same are denied.

### PRAYER FOR RELIEF

Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

1. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

#### Second Affirmative Defense

2. Plaintiff's Complaint is barred, in whole or in part, because FFI Butler's actions with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

### Third Affirmative Defense

3. Plaintiff's Complaint is barred, in whole or in part, because she is not a qualified individual with a disability under the Americans with Disabilities Act.

### Fourth Affirmative Defense

4. Plaintiff's Complaint is barred, in whole or in part, because providing a reasonable accommodation to Plaintiff would have caused an undue hardship to FFI Butler.

### Fifth Affirmative Defense

5. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has not suffered any damages or losses, and any such damages or losses which Plaintiff is seeking were caused, in whole or in part, by Plaintiff's own conduct, acts, or omissions.

### Sixth Affirmative Defense

6. Plaintiff's Complaint is barred, in whole or in part, because she has failed to mitigate her damages, if any.

### Seventh Affirmative Defense

7. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

### Eighth Affirmative Defense

8. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of waiver.

### Ninth Affirmative Defense

9. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

| | |
|---|---|
| Dated: August 17, 2020 | /s/ Nicholas J. Godfrey<br>Nicholas J. Godfrey, Esq.<br>Pa. I.D. No. 312031<br>DINSMORE & SHOHL LLP<br>1300 Six PPG Place<br>Pittsburgh, PA 15222<br>412.281.5000 (t)<br>412.281.5055 (f)<br>nicholas.godfrey@dinsmore.com<br><br>*Counsel for Defendant Moody National FFI Butler PA, LLC* |

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the following via the Court's CM/ECF System on this 17th day of August, 2020:

>John David Newborg, Esq.
>428 Forbes Avenue
>Suite 1600
>Pittsburgh, PA 15219
>newborglaw@gmail.com
>
>*Counsel for Plaintiff Maria Omstead-Wagner*
>
>George John Steffish, III, Esq.
>Steffish & Lafferty, PC
>121 North Washington Street
>Butler, PA 16001
>george@steffishlafferty.com
>
>*Counsel for Plaintiff Maria Omstead-Wagner*

>/s/ Nicholas J. Godfrey
>Nicholas J. Godfrey, Esq.
>
>*Counsel for Defendant Moody National FFI Butler PA, LLC*